J-S13012-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CLIFTON WILLIAMS | : | |
| | : | |
| Appellant | : | No. 938 EDA 2025 |

Appeal from the PCRA Order Entered February 27, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0736491-1985

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED JULY 16, 2026**

Clifton Williams appeals *pro se* from the order dismissing his untimely, fourth petition pursuant to the Post-Conviction Relief Act ("PCRA").[1] Williams claims the court erred in treating his petition as a PCRA petition, as he was merely seeking to reopen his first PCRA petition filed in 1989. After careful review, we affirm.

Based upon our disposition, we briefly note that Williams was convicted of first-degree murder[2] and related offenses in 1986 after fatally shooting William Campbell. Williams was sentenced on June 24, 1987, to life imprisonment without the possibility of parole. This Court affirmed Williams'

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 2502(a).

judgment of sentence on March 23, 1988. *See Commonwealth v. Williams*, 541 A.2d 1156 (Pa. Super. filed Mar. 23, 1988) (unpublished memorandum). Williams did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

The instant PCRA petition was filed on May 27, 2022, his fourth PCRA petition. Williams titled the petition "Petition to Vacate the Order of Dismissal and Reopen PCRA Proceedings on Defendant's First Timely PCRA Petition Filed and Decided on 4/4/89: Pursuant to the Court's Inherent Power of Correction and the Extraordinary Cause Exception under 42 Pa.C.S. § 5505 (A Fatal Defect Apparent on the Face of the Record)." Williams did not invoke a timeliness exception to the PCRA, alleging that this petition does not fall under the gambit of the PCRA.

The PCRA court disagreed and issued a notice of intent to dismiss the PCRA petition on January 23, 2025. *See* Pa.R.Crim.P. 907. Williams responded, again alleging that the petition is not a PCRA petition. The court dismissed the PCRA petition on February 27, 2025. Williams filed a timely appeal. The court did not order Williams to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). The court relied upon its opinion dated February 27, 2025, instead of authoring a new Rule 1925(a) opinion. *See* Pa.R.A.P. 1925(a).

Williams raises three issues for our review:

(1) Whether the lower court's recharacterization of [Williams'] *pro se* pleading so prejudiced [Williams] that it warrants remand?

- 2 -

(2) Whether the facts and law presented in [Williams'] *pro se* pleading demonstrate that government interference prevented him from timely raising his claims in his first PCRA petition when liberal construction is applied?

(3) Whether PCRA counsel mentioned in the lower court's order rendered ineffective assistance when he, like trial counsel, failed to comply with the trial court's order to have the weapon (gun) in this case retested?

Appellant's Brief, at 2-3 (suggested answers omitted).

We begin with our well-established standard of review:

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether the determination of the PCRA court is supported by the record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Larkin**, 235 A.3d 350, 355 (Pa. Super. 2020) (*en banc*)

(quotation marks and citation omitted).

Before we can address the merits of Williams' claims, we must determine whether Williams' petition falls within the purview of the PCRA and was therefore correctly characterized as an untimely PCRA petition.

Section 9542 of the PCRA states:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the **sole means** of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis. …

42 Pa.C.S.A. § 9542 (emphasis added).

This Court has emphasized that:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a PCRA petitioner cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Larkin**, 235 A.3d at 355 (citation and brackets omitted).

While Williams did not title his petition as a *habeas corpus* petition, the same law applies: If the PCRA provides a potential remedy, the claims must be raised in a timely PCRA petition. **See id**; **Commonwealth v. Mucci**, 327 A.3d 1223, 1234 (Pa. Super. 2024) ("[I]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition **or any other self-styled petition** outside of the PCRA.") (brackets and citation omitted; emphasis added).

Here, Williams argues he is not seeking PCRA relief, but merely seeking to reopen his first, timely filed, PCRA petition. **See** Appellant's Brief, at 22. He asserts the court had authority to reopen his first PCRA petition based upon a fatal defect apparent on the face of the record, thereby giving the court inherent jurisdiction to correct the defect. **See id.** at 23.

In **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), this Court addressed a similar claim to the one presented here. There, Jackson, in 2010, sought to reopen his sentencing from 1988, alleging the court had inherent authority to correct the patent error. **See Jackson**, 30 A.3d at 518.

In considering the Pennsylvania Supreme Court's decisions regarding the correction of patent and obvious errors, we reiterated:

> [T]he Supreme Court recognized that there is a limited class of cases amenable to the exercise by a trial court of the inherent power to correct patent errors despite the absence of traditional jurisdiction. The Court reasoned that this inherent jurisdiction would apply in the absence of jurisdiction under section 5505[3] because the statute was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees. Because both … cases involved clear errors in the imposition of sentences that were incompatible with the record or black letter law, the Court held that the trial court possessed inherent jurisdiction to amend the sentences despite the absence of statutory jurisdiction under section 5505. Nevertheless, the Court cautioned:
>
>> This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the case at bar, we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. Not all illegal sentences will be amendable to correction as patent errors. …

*Id.* at 520-21 (citations, quotation marks, brackets, and ellipsis omitted).

In applying this standard to Jackson's case, this Court held that the obvious illegality rule "did not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA." *Id.* at 521. This Court emphasized, "[w]e have repeatedly held that any petition filed after judgment of sentence becomes final will be treated as a PCRA petition. That

---

[3] Pursuant to section 5505, a court "may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

Jackson has attempted to frame his petition as a motion to correct illegal sentence does not change the applicability of the PCRA." *Id.* (citations, internal quotation marks, and ellipsis omitted).

This Court held that the obvious illegality rule providing the court with inherent authority cannot overrule the jurisdictional requirements of the PCRA: "Therefore, when the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious." *Id.* at 523.

Here, Williams is seeking to reopen his first, timely PCRA petition filed in 1989. The claims he raises are all cognizable under the PCRA. In his petition to reopen, he seeks to raise claims of ineffective assistance of counsel, prosecutorial and police misconduct, and judicial error. *See* Petition to Vacate, 5/27/22, at 12-14. Williams cannot subvert the PCRA jurisdictional requirements by alleging this petition is not a new PCRA petition, when it seeks to reopen and litigate claims cognizable under the PCRA. The PCRA court therefore correctly characterized this petition as a PCRA petition.

As the petition was correctly characterized as a PCRA petition, we must now determine whether the petition was timely filed.

> Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met. A PCRA petition invoking one of these statutory

exceptions must be filed within one year of the date the claims could have been presented. Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal.

*Larkin*, 235 A.3d at 355-56 (footnotes and citation omitted).

Williams concedes his judgment of sentence became final "well over a year ago[.]" Appellant's Brief, at 28. Specifically, Williams judgment of sentence became final on April 22, 1988. *See* 42 Pa.C.S.A. § 9545(b)(1); Pa.R.A.P. 1113(a) (providing 30 days from Superior Court decision to file a petition for allowance of appeal with the Supreme Court of Pennsylvania).[4] He therefore had until April 22, 1989, to file a timely PCRA petition. Williams claims he meets the government interference timeliness exception because the court dismissed his first, timely PCRA petition without appointing counsel in 1989. *See* Appellant's Brief, at 29.

Williams, however, did not raise any timeliness exception with the PCRA court. Because Williams did not raise a timeliness exception below, he has waived his government interference exception on appeal. *See Larkin*, 235 A.3d at 356.

We therefore find the PCRA court did not err in treating Williams' petition as an untimely PCRA petition. As such, we affirm the order of the PCRA court

---

[4] We note the 1995 amendments to the PCRA provided for a grace period of one year, but that only applied to first PCRA petitions, and as such, did not apply to Williams because he filed his first PCRA petition in 1989. *See Commonwealth v. Woods*, 179 A.3d 37, 42 (Pa. Super. 2017) (discussing 1995 amendments to the PCRA).

dismissing Williams' PCRA petition as untimely filed without an exception pleaded or proven.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2026